UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X

ROBERT LOVE,

Petitioner,

-against-

THE ATTORNEY GENERAL OF
THE STATE OF N.Y.,

Respondent.

-------------------------------------------------------------------X

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★   MAY 02 2016   ★

LONG ISLAND OFFICE

OPINION & ORDER
16-CV-1555(JFB)

JOSEPH F. BIANCO, District Judge:

Petitioner, Robert Love ("petitioner"), appearing *pro se*, seeks a writ of *habeas corpus*
pursuant to 28 U.S.C. § 2254. Pursuant to Rule 4 of the Rules Governing Section 2254 Cases,
the Court has conducted an initial review of this petition and, for the reasons set forth below, has
determined that because petitioner has not exhausted his claims in state court, the petition is *sua
sponte* dismissed without prejudice.

BACKGROUND

On May 24, 2013, following a plea of guilty, petitioner was convicted of the crimes of
criminal sale of a controlled substance and conspiracy. Petitioner was sentenced to a term of
seven years' imprisonment and five years' post-release supervision on the criminal sale of a
controlled substance charge and a concurrent term of three to six years' imprisonment on the
conspiracy charge. Petitioner's habeas petition, executed on March 16, 2016 and filed on March
23, 2016, indicates that he appealed his judgment of conviction to the State of New York Supreme
Court, Appellate Division, Third Judicial Department, but that his appeal was denied. 2 N.Y.S.3d
810. His petition also states that he sought further review with the New York State Court of
Appeals and that his appeal remains pending.

DISCUSSION

"A federal court only has jurisdiction to hear a petition filed pursuant to title 28 U.S.C. section 2254 where the petitioner is 'in custody pursuant to the judgment of a State court.'" *Henry v. Davis*, No. 10-CV-5172, 2011 WL 319935, at *1 (E.D.N.Y. Jan. 26, 2011) (quoting 28 U.S.C. § 2254(a) ("[A] district court shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.")). Furthermore, a district court may not grant the writ "unless the petitioner has first exhausted the remedies available in the state court or shows that 'there is an absence of available state corrective process; or circumstances exist that render such process ineffective to protect the rights of the applicant.'" *Henry*, 2011 WL 319935 at *1 (quoting 28 U.S.C. §§ 2254(b)(1)(A), 2254(b)(1)(B)(i)-(ii)). A federal claim is properly exhausted where it has been presented to the highest state court. *Henry*, 2011 WL 319935, at *1 (citing *Picard v. Connor*, 404 U.S. 270, 275, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971); *Daye v. Attorney Gen. of New York*, 696 F.2d 186, 190-91 (2d Cir. 1982)).

In the instant matter, petitioner admits that his appeal before the New York Court of Appeals is still pending. (*See* ECF No. 1 at 2.) Thus, given that petitioner has not yet exhausted his state court remedies, which is required prior to the filing of a petition under § 2254, the petition is dismissed without prejudice. *See* 28 U.S.C. § 2254; *Kirkwood v. Cuomo*, No. 09-CV-6591CJS, 2010 WL 335319, at *1 (W.D.N.Y. Jan. 22, 2010) (petitioner's habeas claims were not exhausted because appeals in state court were pending); *see also* Rule 4 of the Rules Governing § 2254 Habeas Corpus Cases in the United States District Courts (if it plainly appears from the face of petition that petitioner is not entitled to relief, the judge must dismiss the petition).

2

## CONCLUSION

For the reasons set forth above, the petition for a writ of habeas corpus is dismissed without prejudice as it is unexhausted. A certificate of appealability shall not issue as petitioner has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962). The Clerk of the Court is directed to close the case.

SO ORDERED.

Dated: May 2, 2016
      Central Islip, New York

Joseph F. Bianco
United States District Judge